IN RE VALUATION AND EQUALIZATION OF REAL PROPERTY IN THE STATE OF NEBRASKA FOR 1966.
COUNTY OF BOX BUTTE, APPELLANT, v. STATE BOARD OF EQUALIZATION AND ASSESSMENT OF THE STATE OF NEBRASKA, APPELLEE.
150 N. W. 2d 892

Filed May 19, 1967. No. 36453.

Laurice M. Margheim and John B. Hilpert, for appellant.

Clarence A. H. Meyer, Attorney General, and Homer G. Hamilton, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ., and WHITE, District Judge.

SMITH, J.

Box Butte County has appealed from the equalization order entered in 1966 by the State Board of Equalization and Assessment. We examine the State Board findings.

The county abstract of assessment shows the following actual valuations of rural property: Agricultural land, $27,161,910; agricultural improvements, $5,630,425; suburban residential land and improvements, $454,290; and suburban commercial land and improvements, $630,560. The State Board ordered the county to decrease the valuation of the agricultural improvements 10 percent and to increase the valuation of the agricultural land 50 percent.

The State Board made the following findings: Rural assessment-sales ratios in percents for the county before and after the ordered adjustments were 23.36 and 35.04. For all counties with rural ratios the mean was 33.58. An assessment-sales ratio (without any statement of numerical proportion) for urban and suburban property did not reflect the level of assessment on commercial or industrial property. Valuations of commercial and industrial property were therefore not subject to adjustment. The preceding year rural increases had

caused inequitable assessments on suburban property, which had been labeled rural in spite of its urban character.

In order to equalize assessments statewide the State Board employed the very ratios that were found unfit. The ratio for urban and suburban property was partly unreliable. Rural ratios caused percentage adjustments in valuations of some but not all rural property in many counties. Those ratios were then increased or decreased by percents, and a mean was computed. The order at best was fashioned from vague comparisons.

Administrative findings, express and implied, that fail to disclose a clear basis for an order are inadequate. If findings of the State Board are inadequate, the resulting order is arbitrary. County of Lancaster v. State Board of Equalization & Assessment, *ante* p. 738, 886 N. W. 2d 150. The order for adjustments in Box Butte County is reversed.

REVERSED.